**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-25610-KUNTZ/SHAW-WILDER**

**DAVID ARNOLD GRAY,**

**Plaintiff,**

**vs.**

**MIAMI-DADE COUNTY, *et al.*,**

**Defendants.**

______________________________/

**OMNIBUS ORDER AND REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court on Plaintiff David Arnold Gray's ("Plaintiff") Expedited Motion and Memorandum of Law in Support of Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion for TRO and PI") [ECF No. 29] [1], Plaintiff's Motion Invoking the Court's Inherent Authority to Protect the Integrity of the Proceedings ("Motion Invoking Inherent Authority") [ECF No. 45], and Plaintiff's Motion for Determination of Mootness and Effectual Relief Regarding Expedited Motion ECF No. 29 ("Motion for Determination of Mootness") [ECF 49]. These matters were referred to the undersigned by the Honorable Darren P. Gayles, United States District Judge [ECF No. 13]. The case was later reassigned to the

[1] On May 8, 2026, the Court ruled that, "[a]s Defendant Miami-Dade County is not entitled to qualified immunity and is in the best position to determine the person to whom Plaintiff reports during this litigation, it shall comply with Magistrate Judge Shaw-Wilder's briefing schedule for the Preliminary Injunction Motion. In light of the individual Defendants' qualified immunity defense, they shall not be required to respond to the Preliminary Injunction Motion." [ECF No. 34]. Thus, only the one Defendant was required to respond to the Motion.

Honorable Jeffrey T. Kuntz. [ECF No. 48]. All three of Plaintiff's pending motions are fully briefed. [ECF Nos. 31, 36, 39, 42, 43, 44, 46, 47, 51, 52].

## I. FACTUAL & PROCEDURAL BACKGROUND

In his Second Amended Complaint ("SAC"), Plaintiff alleges that, at the time of filing the SAC, he worked for Housing and Community Development, a department of Defendant. [ECF No. 28 ¶¶ 10, 16]. Plaintiff requested reassignment to an available window workstation after he was promoted to senior-level Business Architect, and that request was denied without explanation. [*Id.* ¶¶ 16–18]. However, similarly situated white employees were granted such requests. [*Id.* ¶ 29]. Additionally, Plaintiff was assigned responsibility for onboarding and supervising three interns and then was denied workspaces with those interns. [*Id.* ¶¶ 33–41]. After Plaintiff drafted and sent a petition about "differential treatment" and "misuse of authority on the basis of race and disability," Plaintiff was threatened with professional and financial repercussions. [*Id.* ¶¶ 47–54]. On February 27, 2025, Plaintiff submitted a complaint to the Miami-Dade County Commission on Ethics and Public Trust, which was ultimately dismissed for lack of jurisdiction. [*Id.* ¶ 60, 73]. According to Plaintiff, after he filed that complaint, Defendants Nathan Kogon and Christina Salinas-Cotter "coordinated and scheduled a meeting to alter Plaintiff's reporting structure." [*Id.* ¶ 76]. From then on, he had to report directly to Defendant Salinas-Cotter. [*Id.* ¶ 79]. Defendant Salinas-Cotter ultimately "removed Plaintiff's autonomy and professional discretion associated with the Business Architect role." [*Id.* ¶ 110].

The SAC alleges five counts: a Due Process Violation under the Fourteenth Amendment (Count 1), an Equal Protection Violation under the Fourteenth Amendment (Count II), a Petition Clause Violation under the First Amendment (Count III), First Amendment Retaliation under the First Amendment (Count IV), and Continuing First Amendment Retaliation under the First

Amendment (Count V). [ECF No. 28]. Plaintiff seeks declaratory relief, compensatory and punitive damages, injunctive relief, and fees and costs. [*Id.* at 33–34]. There is a pending motion to dismiss filed by Defendants. [ECF No. 30].

When Plaintiff filed his Motion for TRO and PI on May 4, 2026, he was scheduled to return to work on May 7, 2026, and was concerned that he would be required to report directly to Defendant Salinas-Cotter. [ECF No. 29 at 8]. As relief in the Motion for TRO and PI, Plaintiff sought that the Court order Defendant to (1) restore Plaintiff's reporting structure so that he reported to the Deputy Director of Housing and Community Development; (2) ensure that Plaintiff did not report directly to Defendant Salinas-Cotter; and (3) ensure that any reasonable accommodation process conducted during the case concerning Plaintiff's supervisory structure be administered by a Human Resources official who does not report to, and is not organizationally subordinate to, Defendant Salinas-Cotter. [*Id.* at 42–43].

Approximately two weeks after the Motion was fully briefed, Plaintiff filed his Notice of Material Development and Submission of Administrative Resignation Under Constructive Discharge [ECF No. 42]. He explained that he had submitted a formal written resignation from his position with Miami-Dade County Housing and Community Development on June 5, 2026. [*Id.* at 1]. Further, he explained that he "submitted the resignation under protest and expressly characterized the separation as a constructive discharge resulting from the cumulative and continuing conditions alleged throughout the Second Amended Complaint and Plaintiff's pending Motion for Temporary Restraining Order and Preliminary Injunction." [*Id.*]. Defendant responded that the Motion should now be denied as moot in light of the representations contained in the Notice. [ECF No. 43]. In opposition, Plaintiff claimed that the Motion is not moot and that his resignation "did not eliminate the controversy." [ECF No. 44 at 15]. He asked the Court (1) to

order temporary reinstatement to Plaintiff's prior position with a different supervisor; (2) alternatively, to temporarily reinstate Plaintiff to paid administrative leave; or (3) to grant interim equitable compensation. [*Id.* at 16].

Thereafter, on June 15, 2026, Plaintiff filed the Motion Invoking Inherent Authority [ECF No. 45]. He requested "immediate interim relief" to "protect important legal interests from irreparable procedural harm pending adjudication." [*Id.* at 9]. Plaintiff moved for the Court, under its inherent authority, "to protect the integrity of judicial proceedings where delay threatens witness participation, evidentiary development, and the Court's ability to obtain a complete factual record. The resulting harm is no less institutional and no less difficult to remedy once it has occurred." [*Id.*]. As relief, Plaintiff sought an order reinstating him to employment with Miami-Dade County, placing him on administrative leave, and requiring that he receive compensation, benefits, seniority, and employee status. [*Id.*].

Finally, on August 26, 2026, Plaintiff filed his Motion for Determination of Mootness [ECF No. 49]. He sought (1) a determination as to whether his resignation "eliminated every form of effectual relief or merely altered the relief available"; (2) adjudication of the Rule 65 question presented by ECF No. 29; (3) determination as to "whether reinstatement remains legally available and, if appropriate, whether it may be structured through reassigned supervision, temporary remote assignment, paid administrative leave, or another lawful arrangement that does not recreate the challenged supervisory relationship"; and (4), if reinstatement is not available relief, the determination of "another form of equitable relief is authorized by governing law." [*Id.* at 19].

## II. DISCUSSION

As an initial matter, under Southern District of Florida 7.1(c)(1), after the reply in support of a motion is filed, "[n]o further or additional memoranda of law shall be filed and served without

prior leave of Court. All materials in support of any motion, response, or reply … shall be served with the filing." S.D. Fla. L. R. 7.1(c)(1). Here, Plaintiff's Motion Invoking Inherent Authority [ECF No. 45] and Plaintiff's Motion for Determination of Mootness [ECF 49] are effectively additional briefing on the Motion for TRO and PI, which Plaintiff filed without prior leave of Court. Thus, these two motions are due to be denied. Defendant is correct that Plaintiff has repeatedly asked this Court to "decide whether he *would have* prevailed on the original motion when it ripened and then determine what remedies might remain" and that Plaintiff is seeking "two forms of relief the operative pleading never requested: front pay and reinstatement." [ECF No. 51 at 1]. If Plaintiff wanted to amend the Motion for TRO and PI, he could have done so; however, he cannot materially alter that motion through subsequent filings.

Next, to obtain a preliminary injunction under Federal Rule of Civil Procedure 65, Plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Injunctive relief "is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Four Seasons Hotel & Resorts B.V. v. Consorcio Barr, SA*, 320 F.3d 1205, 1210 (11th Cir. 2003) (citation omitted). The identical standard applies to a request for a temporary restraining order. *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010).

Plaintiff is not entitled to a preliminary injunction or a temporary restraining order here. First, the Motion for TRO and PI is moot. Plaintiff resigned from his job with Defendant. While he calls this resignation constructive termination, this is a distinction without a difference. "While

cessation of the behavior purportedly subject to a preliminary injunction typically moots a motion for a preliminary injunction, there is an exception where: '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again.'" *TransUnion Risk & Alternative Data Sols., Inc. v. Challa*, 676 F. App'x 822, 823 (11th Cir. 2017) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Here, the Motion for TRO and PI is moot as the exceptions do not apply; the challenged action was not too short to be fully litigated prior to its cessation or expiration, and there is no evidence supporting a "reasonable expectation" that Plaintiff will work for Defendant again.[2]

Next, Plaintiff cannot establish irreparable harm. In his Motion for TRO and PI, Plaintiff primarily argues that the irreparable harm is having to report to Defendant Salinas-Cotter, and that this reporting relationship caused him to suffer from a serious health condition requiring three months of medical leave. [ECF No. 29 at 10].[3] Plaintiff is no longer working for Defendant, so the

---

[2] Further, a preliminary injunction is typically prohibitive in nature if it seeks to maintain the status quo by prohibiting a party from taking certain action pending resolution of the case. *Haddad v. Arnold*, 784 F. Supp. 2d 1284, 1295-96 (M.D. Fla. 2010). But when the injunction would force a party to act, and not simply maintain the status quo, it becomes mandatory. *Id.*; *Delivery.com Franchising, LLC v. Moore*, Case No. 20-20766-CIV-COOKE/GOODMAN, 2020 WL 3410347, at *9 (S.D. Fla. June 19, 2020). Here, Plaintiff arguably does not seek to maintain the status quo, and he made the affirmative decision to tender his resignation. A party seeking a mandatory injunction must satisfy a "heightened standard" by making a "clear" showing of each of the four elements for injunctive relief. *See, e.g., FHR TB, LLC v. TB Isle Resort, LP.*, 865 F. Supp. 2d 1172, 1192 (S.D. Fla. 2011); *Fla. Gun Shows, Inc. v. City of Fort Lauderdale*, No. 18-62345-FAM, 2019 WL 2026496, at *6, n.1 (S.D. Fla. Feb. 19, 2019) (internal citation omitted) ("A movant seeking a mandatory injunction, i.e., an injunction which goes beyond the status quo and forces a party to act, must meet a stricter test; such injunctions are only to be granted in rare circumstances in which the facts and law are clearly in favor of the moving party."); *Caron Foundation of Fla., Inc. v. City of Delray Beach*, 879 F. Supp. 2d 1353, 1360 (S.D. Fla. 2012). Regardless, the Motion is due to be denied under either standard.

[3] In his Motion for TRO and PI and subsequent motions, Plaintiff does cite *Elrod v. Burns*, 427 U.S. 347, 373 (1976), for the premise that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." However, he never actually develops this argument in the Motion for TRO and PI. In fact, Plaintiff writes, "[t]his is not a case where irreparable harm must be inferred from the nature of the constitutional violation, though such an inference would be legally justified." [ECF No. 29 at 8]. Then, after citing *Elrod*, he explains, "[t]his is a case where irreparable harm has already occurred, has been medically documented on a federal certification form completed under penalty of law, and will recur on a date certain—May 7, 2026—absent intervention by this

irreparable harm element claimed in the papers is no longer at issue in this case. In fact, Plaintiff concedes in his June 8, 2026 filing that "[t]he resignation that followed did not eliminate the controversy. It altered the form of the injury while the motion remained pending." [ECF No. 44 at 7]. Plaintiff cannot create a moving target by asserting harm—other than what he alleged in his original Motion for TRO and PI—in supplemental filings that were not invited by the Court. Similarly, in his supplemental filings, Plaintiff improperly attempts to change the relief sought from what was originally requested in the Motion for TRO and PI. Plaintiff also seeks relief under the Court's inherent authority in supplemental filings when that was not a ground for relief originally stated in the Motion for TRO and PI. Plaintiff cannot make such modifications after the Motion for TRO and PI was fully briefed. Finally, the undersigned is only finding that the Motion for TRO and PI itself is moot at this juncture, and not Plaintiff's entire federal lawsuit, so the cases cited by Plaintiff analyzing mootness in the context of cases and controversies are easily distinguishable.

## III. CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's Motion Invoking the Court's Inherent Authority to Protect the Integrity of the Proceedings [ECF No. 45] and Plaintiff's Motion for Determination of Mootness and Effectual Relief [ECF No. 49] are **DENIED**.

---

Court. This harm is ongoing, medically documented, and directly tied to a specific reporting structure. Accordingly, there is no adequate remedy at law." [*Id.*]. Thus, it is somewhat unpersuasive for Plaintiff to suddenly put so much weight on *Elrod* and his loss of First Amendment freedoms in later motions and papers. The Court does not, however, find that Plaintiff has waived his *Elrod* argument.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned recommends that Plaintiff's Expedited Motion and Memorandum of Law in Support of Motion for a Temporary Restraining Order and Preliminary Injunction [ECF No. 29] be **DENIED**.

## V. OBJECTIONS

The Parties will have fourteen (14) days from the date of this Order and Report and Recommendation to file written objections, if any, with the Honorable Jeffrey T. Kuntz, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in this Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except upon grounds of plain error, if necessary, in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND ORDERED** and **RESPECTFULLY SUBMITTED** in Chambers in Fort Lauderdale, Florida, on this 14th day of October 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: Counsel of Record

David Arnold Gray, pro se