**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-25610-JTK**

**DAVID ARNOLD GRAY**,

Plaintiff,

v.

**MIAMI-DADE COUNTY**, *et al.*,

Defendants.

_______________________________________/

# ORDER ON REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court on the Report and Recommendation of Magistrate Judge Detra Shaw-Wilder [ECF 58] and Plaintiff David Arnord Gray's Objections [ECF 60]. Plaintiff filed a motion for a Temporary Restraining Order and a Preliminary Injunction on May 4, 2026 [ECF 29]. There was a standing order referring all pre-trial, non-dispositive matters to Magistrate Judge Shaw-Wilder entered January 6, 2026 [ECF 13]. After reviewing the Report and Recommendation and Plaintiff's Objections, the Court **ADOPTS** the Report and Recommendation.

When a party timely objects to a Report and Recommendation, the district court is to review the objections and the report. Fed. R. Civ. P. 72(a). Although Plaintiff argues for *de novo* review [ECF 60 at 2-3], as this is a non-dispositive matter, the Court is to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). There are no such errors in the report.

Plaintiff argues that the report errored by concluding his Motion for a Temporary Restraining Order and Preliminary Injunction is moot [ECF 60 at 4-6].

Specifically, Plaintiff argues that his resignation did not remove effective relief that could be granted by a Preliminary Injunction. *Id.* In that motion, Plaintiff sought to "preserve the status quo ante" of the case [ECF 29 at 1]. The status quo at that point was that Plaintiff worked for Defendant. Since then, Plaintiff has resigned from this position. *See* ECF 31. Now, Plaintiff wants to change the requested relief from preserving the status quo to reinstating Plaintiff on administrative leave or "another form of equitable relief[.]" *See* ECF 58 at 4 (citing ECF 29 at 19). The report correctly noted that the exceptions to mootness do not apply here, citing *TransUnion Risk & Alternative Data Sols., Inc. v. Challa*, 676 F. App'x 822, 823 (11th Cir. 2017). Plaintiff argues that his case is not moot because the Court may still grant some form of relief. *See* ECF 60 at 4. While this is true, this only means that the *case* is not moot. The Magistrate Judge's ruling that the Motion for a Preliminary Injunction is moot is not contrary to law.

Second, Plaintiff objects to the holding that he did not suffer an irreparable injury [ECF 60 at 6-8]. Plaintiff alleges that he suffered deprivation of his First Amendment rights by working under Defendant Christina Salinas-Cotter. *Id.* at 6. Now that his time working under Salinas-Cotter has ended, Plaintiff argues that having her as his last supervisor presents a "credible and imminent threat to his future employment opportunities through adverse references or employment verification." *Id.* at 7. While this potential was not addressed in the report, it does not change the outcome. Merely asserting that a threat is "credible and imminent" does not satisfy the requirements for an impending harm. *See Clapper v. Amnesty*

*International USA*, 568 U.S. 398 (2013). Moreover, it is not clear that "adverse references or employment verification" amounts to an injury that is "irreparable."

Finally, Plaintiff objects to the report "insofar as it treats his resignation as foreclosing effectual preliminary relief" [ECF 60 at 8]. However, as the Court understands the report, it recommends denying the Motion for a Preliminary Injunction without prejudice. The report relies on the requested relief changing from keeping Plaintiff at his job to reinstating Plaintiff at his job. *See* ECF 58 at 7 ("Plaintiff cannot create a moving target by asserting harm—other than what he alleged in his original Motion for TRO and PI"). Thus, Plaintiff is free to file a new motion for a preliminary injunction requesting appropriate relief.

It is hereby **ORDERED AND ADJUDGED** that the Report and Recommendation [ECF 58] is **ADOPTED** and Defendant's Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED** as moot **WITHOUT PREJUDICE**.

DONE in Chambers in Fort Lauderdale, Florida, on Tuesday, November 10, 2026.

**JEFFREY T. KUNTZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record